IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER TERRELL | ) | CASE NO. 1:04 CV 1288 |
| | ) | |
| Plaintiff, | ) | JUDGE LESLEY WELLS |
| | ) | |
| v. | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| UNISCRIBE PROFESSIONAL SERVICES, INC. | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

On November 9, 2005, Plaintiff Christopher Terrell filed a *Third Motion to Compel and First Motion for Sanctions* pursuant to Local Rule 37.1(a), seeking the production of Defendant Uniscribe Professional Services, Inc.'s 2005 bonus incentive plans for its Cleveland employees and information regarding certain documents for which Defendant has claimed attorney-client privilege. Defendant filed a response to Plaintiff's motion on November 15, 2005, contending it is both untimely and premature as set forth in Local Rule 37.1(b).

For the following reasons, the Magistrate Judge GRANTS in part and DENIES in part Plaintiff's *Third Motion to Compel and First Motion for Sanctions*.

## I. FACTS

In the summer of 2004, Plaintiff filed suit against Defendant for among other things, breach of contract and wrongful discharge. He alleged he was wrongfully denied the full bonus amount resulting from the bonus incentive plan he was given while employed by Defendant and, as a result of legally challenging this denial, he was discharged. Defendant, on the other hand, contended there was an implied cap in the bonus incentive plan at issue and Plaintiff, therefore, was not entitled to the full bonus amount. It also asserted Plaintiff was not discharged in retaliation for filing suit against them for the bonus amount, but as a result of a company-wide reduction in force.

Prior to the September 23, 2005 discovery deadline, Plaintiff filed a Third Set of Document Requests (on August 9, 2005), seeking, among other things, copies of the 2005 bonus incentive plans Defendant provided its Cleveland employees and "[a]ll documents prepared at any time by any Uniscribe employee assessing the merits of this lawsuit, including Uniscribe's exposure." On September 8, 2005, Defendant objected to both requests, citing attorney-client privilege for the latter objection.

What followed was a period of correspondence between the parties. Plaintiff sent letters seeking copies of the 2005 bonus incentive plans and certain information regarding the document for which Defendant claimed a privilege. As to the information sought, in his Third Set of Discovery Requests, Plaintiff included a "Definitions and Instructions" section which stated that, should Defendant assert a privilege, it should provide the following information regarding the documents: the date; the title; the type of document; the names of the individuals who prepared and received the document; the subject matter (without revealing information protected by the privilege); the type of privilege claimed; and the factual and legal basis for the claimed privilege. Plaintiff sent a total of five letters to defense counsel on the following dates: September 13, 2005; September 22, 2005; September 26, 2005; October 10, 2005; and October 14, 2005.

According to the text of those letters, Defendant failed to respond to two of the correspondence. Plaintiff also requested the documents and information orally, but was again denied. In refusing Plaintiff's request for the 2005 bonus incentive plans, defense counsel stated they were not admissible as they were evidence of subsequent remedial measures as set forth in Fed. R. Evid. 407 and, therefore, not subject to discovery. Other than claiming attorney-client privilege regarding the documents assessing the merits of Plaintiff's case, Defendant offered no explanation

as to its failure to provide the requested information set forth in Plaintiff's "Definitions and Instructions" section. Defendant, however, stated that on or about October 20, 2005 it offered Plaintiff the opportunity to extend the discovery deadline so as to allow for more time to resolve these issues, but its offer was rejected. Plaintiff denies such an offer was ever extended.

## II. LAW AND ANALYSIS

### A. Defendant's 2005 Bonus Incentive Plans

Plaintiff currently seeks copies of the 2005 bonus plans Defendant has offered its Cleveland employees, which he claims contains the express language capping bonus amounts that was lacking in its earlier bonus plans. According to Plaintiff, a representative of Defendant testified this new language was included in the 2005 bonus plan to avoid lawsuits similar to the one at bar (cases based on misinterpretations of the plan). Defendant refused Plaintiff's August 9, 2005 request for these documents on the basis that Plaintiff's request was barred by Fed. R. Evid. 407, which limits the admissibility of evidence of subsequent remedial measures. Defendant's response brief currently before the Court offers no law in support of this contention.

Upon reviewing the case law addressing this very specific issue, the Court finds the application of Rule 407 would be premature at this stage of the litigation. As such, Defendant is ordered to provide copies of its 2005 bonus plans for its Cleveland employees to Plaintiff by December 2, 2005.

Rule 407 states in pertinent part:

> When, after an injury or harm allegedly caused by an event, measures are taken that, if taken previously, would have made the injury or harm less likely to occur, evidence of the subsequent measures is not admissible to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction. This rule does not require the exclusion of evidence of

> subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.

Plaintiff contends Rule 407 is inapplicable to the present case because the plain language of the rule, specifically the inclusion of language such as, "an injury or harm allegedly caused by an event," and "to prove negligence, culpable conduct, a defect in a product, a defect in a product's design, or a need for a warning or instruction," clearly indicates the rule does not apply to lawsuits based on contractual disputes, where neither culpability, negligence nor product defect need be proven.

The Magistrate Judge is unsure as to whether the law is as clear and well-settled as claimed by Plaintiff. He notes, however, that although there is no case law within the Circuit addressing this issue, there is case law from several other courts that support Plaintiff's contention that Rule 407 is inapplicable in breach of contract and breach of warranty cases. *See R.W. Murray v. Shatterproof Glass*, 758 F.2d 266, 274 (8th Cir. 1985) (Rule 407 is not applicable in contract actions for breach of warranty because such cases do not require a showing of negligence or culpability); *Smith v. United Healthcare Services, Inc.*, No. 00-1163ADMAJB, 2003 WL 22047861, *11 (D. Minn. Aug. 28, 2003) (acknowledging that when a party attempts to introduce evidence of subsequent remedial measures in support of his interpretation of the disputed language in a health care plan, he is doing so not to prove culpable conduct, but rather to ascertain the proper meaning of disputed, purportedly ambiguous contract terminology); *Mowbray v. Waste Management Holdings, Inc.*, 45 F. Supp. 2d 132, 141 (D. Mass. 1999); *Smith v. Miller Brewing Company Health Benefits Program*, 860 F. Supp. 855, 857, n. 1 (M.D. Ga. 1994) (finding that subsequent remedial evidence, such as changes in contract language that make the intent of the drafter clearer, should be considered when the lawsuit concerns the terms of a contract); *All the Chips, Inc. v. OKI America, Inc.*, No. 88 C 8373, 1990 WL

36860, *4 (N.D. Ill. March 16, 1990) ("[b]reach of contract ... requires no showing of any sort of fault, thus apparently negating the operation of Rule 407").  Despite the existence of the above case law supporting Plaintiff's position, the Magistrate Judge concludes it would be inappropriate at this stage of the litigation to make a determination as to the admissibility of Defendant's 2005 bonus plans.  Indeed, this is an issue more properly addressed in a motion *in limine*, during which the Court can make an informed decision after receiving briefs from both sides on this issue of law.

The admissibility of the documents at issue, however, need not be decided to make a ruling as to whether Defendant is obligated to comply with Plaintiff's discovery request.  Fed. R. Civ. P. 26(b)(1) states in pertinent part, "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party ... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Thus, the documents sought need not be proven admissible, only likely to lead to other admissible evidence.  Several courts, again outside this jurisdiction as no court within the Sixth Circuit has not yet rendered an opinion that directly addresses this issue, have determined barring discovery based Rule 407 is inappropriate.  *See In re Amsted Indus., Inc.*, No. 01C2963, 2003 WL 21557764, *1 (N.D. Ill. July 3, 2003) ("Rule 407 bars admission, not discovery"); *Stalling v. Union Pacific R.R. Co.*, No. 01C1056, 2003 WL 21317297, *10 (N.D. Ill. June 6, 2003) (Rule 407 does not govern pretrial discovery because the information sought may be relevant and admissible under one of the Rule's stated exceptions depending on what the parties argue at trial); *Middle Market Financial Corp. v. D'Orazio, Spiegel, Pergament, Brown & Basso*, No. 96 Civ. 8138 SWK HBP, 1997 WL 394958, *2 (S.D.N.Y. July 11, 1997); *Jumper v. Yellow Corp.*, 176 F.R.D. 282, 284-85 (N.D. Ill. 1997) (Rule 407 is a rule of admissibility at trial, not a rule governing pretrial procedure);

*Miner v. Kendall*, No. 96-1126-MLB, 1996 WL 740566, *2 (D. Kan. Sept. 27, 1996); *Trzeciak v. Apple Computers, Inc.*, No. 94 Civ. 1251, 1995 WL 20329,*8 n. 1 (S.D.N.Y. Jan. 19, 1995); *In the Matter of Arosita Shipping Co., Ltd.*, No. Civ. A. No. 92-3181, 1993 WL 205088, *2 (E.D. La. June 7, 1993); *Capellupo v. FMC Corp.*, Civ. No. 4-85-1239, 1988 WL 41398, *6 (D. Minn. May 3, 1988); *Sencon Sys., Inc., v. W.R. Bonsal Co.*, No. 85C8250, 1987 WL 11848, *2 (N.D. Ill. June 4, 1987); *but see McAllister v. Royal Caribbean Cruises, Ltd.*, No. 02-2393, 2005 WL 1490979, *2 (E.D. Pa. June 22, 2005) (prohibiting the discovery of subsequent remedial evidence without discussion).

The scope of discovery is significantly more vast than the limitations set forth in the evidentiary rules, including Rule 407. Indeed,

> The standard of admissibility established by Rule 407 for evidence of subsequent remedial measures is more stringent than that for permitting pretrial discovery. The rules of evidence are relaxed in discovery proceedings because inadmissible material often leads to the discovery of admissible evidence.
>
> Rule 407 is essentially a rule of public policy, rather than of relevancy, and subsequent remedial measures might eventually prove admissible on a consequential, material fact in issue other than negligence... .

Jack Weinstein & Margaret Berger, 2 Weinstein's Federal Evidence §407.09 (2d ed. 2005). As the evidence at issue clearly falls within the scope of Rule 26(b)(1) in that it is both relevant and, if not admissible, clearly calculated to lead to the discovery of other admissible evidence, the Magistrate Judge concludes that barring Plaintiff from discovering copies of the 2005 bonus plans, even if ultimately labeled evidence of subsequent remedial measures, would be inappropriate. Of some importance is the fact that the only prejudice Defendant will suffer by complying with this discovery request is the burden of producing the evidence, as Plaintiff was already aware of the presence of

the key language set forth in the documents and the Magistrate Judge, in rendering this decision, expresses no opinion whatsoever on the ultimate admissibility of any evidence concerning subsequent remedial measures. Defendant, therefore, is hereby ordered to provide copies of its 2005 bonus plans for its Cleveland employees to Plaintiff on or before December 2, 2005.

### B. Defendant's Documents Assessing the Merits of the Current Litigation

Plaintiff lastly contends Defendant has wrongfully withheld information concerning documents for which they have claimed a privilege. Specifically, Plaintiff requested copies of any documents containing assessments of the merits of the current litigation. Defendant denied the request, citing attorney-client privilege, but failed to provide information regarding these documents as set forth in the "Definitions and Instructions" section of Plaintiff's document requests. In that section, Plaintiff asked that, when claiming privilege, Defendant provide the following information regarding the document: the date; the title; the type of document; the names of the individuals who prepared and received the document; the subject matter (without revealing information protected by the privilege); the type of privilege claimed; and the factual and legal basis for the claimed privilege. According to Plaintiff, Defendant provided none of the above information other than the type of privilege claimed, stating, "As to the documents prepared which assess the merits of this lawsuit, any assessments were completed on advice and request of counsel." Defendant has not disputed this allegation. Plaintiff contends it requires the above-mentioned information to assess Defendant's claim of privilege. For the following reasons, the Magistrate Judge concludes the Defendant acted in error, and is therefore ordered to provide information regarding the document including: the date; the title; the type of document; the names of the individuals who prepared and received the document; and the subject matter of the document (without revealing information protected by the

privilege).

>Fed. R. Civ. P. 26(b)(5) states in pertinent part:

>>When a party withholds information otherwise discoverable under these rules by claiming that it is privileged ... the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

This language is relatively straight forward and clearly requires Defendant to provide sufficient information to Plaintiff regarding the document at issue so as to allow him the ability to measure the applicability of the claimed privilege. The text of Rule 26(b)(5)'s Advisory Committee Notes, 1993 Amendments, further clarifies the type of information a party is required to provide when claiming a privilege. They state in pertinent part:

>The party must ... provide sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection. Although the person from whom the discovery is sought decides whether to claim a privilege or protection, the court ultimately decides whether, if this claim is challenged, the privilege or protection applies. Providing information pertinent to the applicability of the privilege or protection should reduce the need for in camera examination of the documents.

>The rule does not attempt to define for each case what information must be provided when a party asserts a claim of privilege or work product protection. Details concerning time, persons, general subject matter, etc., may be appropriate if only a few items are withheld ... . A party can seek relief through a protective order under subdivision (c) if compliance with the requirement for providing this information would be an unreasonable burden.

As defense counsel is well aware, a party cannot simply claim privilege without providing some limited information regarding the documents at issue. Indeed, the Rule and its accompanying Advisory Committee Notes clearly require a party claiming privilege to provide sufficient

-8-

information to enable other parties to evaluate the applicability of the claimed privilege or protection. Merely stating a privilege exists is quite obviously insufficient to meet this burden. To simply do so anyway and then allow this discovery dispute to reach the level where Court intervention is required, suggests regrettable irresponsibility on the part of defense counsel bordering on bad faith.  Plaintiff made a vague reference to sanctions for Defendant's blatant violation of Rule 26(b)(5), but failed to offer any significant argument on this basis. The Magistrate Judge concludes that although Defendant's behavior was less than exemplary, sanctions at this stage would be inappropriate. However, Defendant is ordered to provide the following information regarding "[a]ll documents prepared at any time by any Uniscribe employee assessing the merits of this lawsuit, including Uniscribe's exposure" by December 2, 2005: the date; the title; the type of document; the names of the individuals who prepared and received the document; and the subject matter of the document (without revealing information protected by the privilege). As to Plaintiff's request for a "factual and legal basis for the claimed privilege," at this juncture, this request will be satisfied by Defendant's compliance with the above language.

**C. The Untimeliness of Plaintiff's Third Motion to Compel and First Motion for Sanctions**

Rather than providing factual and legal response to the allegations and contentions set forth in Plaintiff's *Third Motion to Compel and First Motion for Sanctions*, Defendant responded by claiming Plaintiff's motion was untimely as it was filed more than ten days after the discovery deadline in contravention of Local Rule 37.1(b). Defendant also claimed that on or about October 20, 2005, it provided Plaintiff with an opportunity to extend the discovery deadline and he refused, instead choosing to prematurely seek Court intervention. The Magistrate Judge finds these arguments to be rather outrageous and bold, considering its findings above and the facts provided

by Plaintiff, which, notably, have not been disputed by Defendant.

Plaintiff served Defendant with its Third Set of Discovery Requests on August 9, 2005, well within the factual discovery deadline of September 23, 2005. After Defendant served him with its responses on September 8, 2005, Plaintiff began to write letters and to call defense counsel on at least five different occasions, none of which resulted in the documents and information the Magistrate Judge has already determined Plaintiff was entitled to by the Federal Rules of Civil Procedure. Any delay in filing the current pending motion was not the fault of Plaintiff as the evidence provided clearly shows he was acting within the scope of Local Rule 37.1, which requires that the party seeking discovery make sincere, good faith efforts to resolve any disputes before seeking Court intervention. The Magistrate Judge thinks it ludicrous to fault a party on the basis of a Local Rule when the problematic delay was brought about by that party acting in compliance with that same Local Rule. Moreover, it appears much of the delay was the fault of defense counsel – hindsight is, of course, twenty-twenty, and Defendant had no idea how the Court would rule on these issues (even though the Magistrate Judge believes the applicability of the Rules are rarely any clearer than they are in the present case), but Defendant was clearly at fault when it failed more than once to respond to Plaintiff's communications regarding these issues, thus further delaying the process. If Defendant were to prevail on this issue, any party could avoid discovery requirements by simply delaying the process until the discovery deadline has passed and then cite Local Rule 37.1(b) in response to the opposition's motion to compel. That clearly is not the purpose of the Rule. For counsel to attempt to take advantage of this language again suggests bad faith on the part of Defendant, a characterization which comes dangerously close to being an apt description of defense counsel's conduct, based on the above facts.

In addition to rejecting Defendant's untimeliness argument, the Magistrate Judge also rejects its "failure to pursue discovery without resort to Court order" argument for the same reasons. Plaintiff has provided copies of five letters and described incidents of undocumented oral communication which indicate his counsel engaged in sufficient communication to justify seeking intervention from the Court. Local Rule 37.1 states in pertinent part, "Discovery disputes shall be referred to a Judicial Officer only after counsel for the party seeking the disputed discovery has made, and certified to the Court the making of, sincere, good faith efforts to resolve such disputes." From the facts presented, the Magistrate Judge concludes Plaintiff sufficiently satisfied the requirements of the Rule and that he did not err in seeking Court intervention.

Lastly, Defendant contends it offered to extend the discovery deadline and Plaintiff's refusal to agree placed the fault of the untimeliness of Plaintiff's brief squarely on his shoulders, rather than Defendant's. What Defendant has failed to mention, however, is that parties do not set the deadlines of the Court. They may, of course, file a joint request for an extension, but it is the Court which ultimately determines what the pretrial and trial deadlines will be. Thus, this argument, too, is without merit.

### III. CONCLUSION

For the foregoing reasons, Plaintiff Christopher Terrell's *Third Motion to Compel and First Motion for Sanctions* is GRANTED in part and DENIED in part. Defendant Uniscribe Professional Services, Inc., is hereby ordered to provide copies of its 2005 bonus incentive Plan for its Cleveland employees to Plaintiff, as well as the following information regarding "[a]ll documents prepared at any time by any Uniscribe employee assessing the merits of this lawsuit, including Uniscribe's exposure": the date; the title; the type of document; the names of the individuals who prepared and

received the document; and the subject matter of the document (without revealing information protected by the privilege). Defendant must provide the above documents and information to Plaintiff on or before December 2, 2005.

    IT IS SO ORDERED.

                                            s/ Kenneth S. McHargh
                                            Kenneth S. McHargh
                                            United States Magistrate Judge

Date: November 22, 2005