IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER TERRELL | ) | CASE NO. 1:04 CV 1288 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE McHARGH |
| | ) | |
| UNISCRIBE PROFESSIONAL SERVICES, INC. | ) ) | **ORDER** |
| | ) | |
| Defendant. | ) | |

On December 27, 2005, Plaintiff Christopher Terrell filed a *Second Motion for Sanctions* against Defendant Uniscribe Professional Services, Inc. ("Uniscribe"), pursuant to Fed. R. Civ. P. 37(a)(4)(A), alleging its counsel asserted privilege over documents which never existed. Uniscribe filed its response on January 10, 2005. Based on the following, the Court concludes sanctions are warranted and, thus, GRANTS in part Plaintiff's *Second Motion for Sanctions*.[1]

## I. **FACTS**

Plaintiff argues that because his counsel was lead to believe the documents he sought in an August 9, 2005 discovery request actually existed, his attorney was compelled to draft multiple letters to defense counsel for said documents, to conduct several telephone conversations regarding the same, and to draft a motion to compel and reply brief when Uniscribe failed to identify those documents as required under the Federal Rules of Civil Procedure. In so arguing, Plaintiff contends

---

[1] The Court recognizes Plaintiff's motion seeks sanctions against Uniscribe rather than defense counsel, Vorys, Sater, Seymour and Pease, L.L.P. However, because all of the allegations set forth in his motion center around defense counsel's behavior and there is no clear evidence of wrongdoing or bad faith on the part of Uniscribe, the Court concludes sanctions against Uniscribe would be improper. As fairness dictates defense counsel be held responsible for its own conduct, the Court finds sanctions against Vorys, Sater, Seymour and Pease, L.L.P., rather than its client, are warranted.

defense counsel's actions caused both him and the Court great detriment. As to the Court, according to Plaintiff, it was driven into the melee and compelled to issue an admittedly lengthy ruling on Plaintiff's *Third Motion to Compel and First Motion for Sanctions*, all for documents which he states he was told never existed. Thus, both the time of the Court and Plaintiff's counsel were, in essence, wasted.

Uniscribe asserts its counsel did not engage in any wrongdoing. It contends that when initially responding to Plaintiff's August 9, 2005 discovery request for, "All documents prepared at any time by any Uniscribe employee assessing the merits of this lawsuit," defense counsel interpreted "employee" to include both counsel and actual employees of Uniscribe. It was based on this broad interpretation of a relatively straightforward term, that they claimed privilege. Defense counsel further argues that their interpretation of "employee" was confirmed by Plaintiff's counsel, who, in his numerous communications with them over the span of three months, suggested a broad reading of the term was intended. According to Uniscribe, it was only when Plaintiff filed his *Third Motion to Compel and First Motion for Sanctions*, that they understood the discovery request to mean exactly what it said – that only documents drafted by actual Uniscribe employees were sought. Thus, when "complying" with the Court's November 22, 2005 ruling, defense counsel informed Plaintiff that no such documents existed. After further correspondence, on December 8, 2005, six days after the deadline set by the Court, defense counsel informed Plaintiff by letter that, in response to the broader interpretation of the request, a document drafted by Uniscribe counsel assessing the merits of the lawsuit did exist and identified said document. They also provided Plaintiff with copies of documents from its new owner, Williams Lea, Inc., which were less than responsive to the request at issue.

## II. ANALYSIS

### A. Legal Standard

Although Plaintiff seeks sanctions pursuant to Fed. R. Civ. P. 37(a)(4)(A), the Court finds his reliance is misplaced. The Rule states in pertinent part:

(a) **Motion For Order Compelling Disclosure or Discovery**. A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure or discovery as follows:
. . . .

    (4) **Expenses and Sanctions**.

        (A) If the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall, after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorneys' fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(4)(A). This rule clearly requires the request for sanctions be based upon a pending motion to compel or a favorable ruling upon a motion to compel. In the present case, there is no motion to compel before the Court and, significantly, the Court has already issued a ruling regarding sanctions based on Plaintiff's third and last motion to compel and found them inappropriate. Moreover, from Plaintiff's *Second Motion for Sanctions*, it is clear the focus of his ire is not Uniscribe's failure to produce discovery, but rather the sum of defense counsel's behavior in the period following his submission of the August 9, 2005 discovery requests. Indeed, his *Second Motion for Sanctions* is centered on defense counsel's alleged misconduct– specifically, their assertion of the attorney-client and work product privileges over documents which never existed.

Thus, for the purposes of the present motion, the question is not whether Rule 37(a)(4)(A) sanctions are warranted, but rather whether it is appropriate for the Court to exercise its inherent power to sanction based on the conduct at issue.

Although the general rule in federal courts is that a litigant cannot recover attorneys' fees, it is well-settled that a district court has the inherent power to sanction when an opposing party has acted in bad faith. *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 765-66 (1980); *see also Youn v. Track, Inc.*, 324 F.3d 409, 420 (6th Cir. 2003). Indeed, it is the inherent power of the Court to, "assess attorneys' fees for the 'willful disobedience of a court order ... as part of the fine to be levied on the defendant ... or when the losing party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Roadway Express, Inc.*, *supra* at 766 (internal citations and quotations omitted). Significantly, "[B]ad faith may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation." *Id.* In ruling on Plaintiff's *Second Motion for Sanctions*, the Court will, thus, measure defense counsel's conduct under this standard.

### B. <u>Sanctions</u>

The Court fully understands that lawyers are given some license in acting as an advocate for their clients and litigating cases. As this is an adversarial system of justice, some strategy and maneuvering are to be expected, and are most certainly necessary if one wishes to be successful, as the Court is sure both sides are well aware. However, there are limits to the license given to attorneys and, in the present case, defense counsel has consistently tested those limits. The Court has been forced to intervene in the discovery phase of this case on three separate occasions and found dubious conduct, or at the very least failure to fully comply with the Federal Rules, on the part of defense counsel in all three instances. The latest dispute arising between counsel for the parties,

which centers on Plaintiff's past discovery request for allegedly privileged documents, has again necessitated court intervention. Upon reviewing the information presently put before the Court, it concludes defense counsel has finally crossed the line between adversarial and improper conduct and, as such, sanctions are warranted.

Defense counsel contends they did not engage in any misleading or improper behavior. Instead, they argue they originally claimed privilege because they were under the belief that the use of the word "employee" in Plaintiff's *Third Set of Discovery Requests* included both Uniscribe employees and Uniscribe counsel. Based on this alleged assumption, it claimed privilege (without identifying the documents for which it was claiming the privilege) for three months despite repeated attempts by Plaintiff to obtain information regarding those documents. Although this assumption was clearly contrary to the plain and literal meaning of the discovery request, defense counsel asserts this belief was justified as Plaintiff's counsel stated in a December 16, 2005 telephone conversation that he intended "employee" to encompass both Uniscribe employees and counsel.[2]

The Court will not measure the reasonableness of defense counsel's assumption as to the scope of the request at issue or determine whether they truly read Plaintiff's request as broadly as they claim. Defense counsel has submitted affidavits supporting this contention and nothing has been provided to the Court that suggests the contrary. Indeed, any other conclusion would be speculative. Regardless of whether there was a genuine misunderstanding on the part of defense counsel concerning the scope of the request, the sum total of their behavior over the span of the three months between when they submitted their discovery responses and when they were ordered by the

---

[2] They further contend this intent was expressed to them during the relevant period of discovery.

Court to provide a privilege log, was unprofessional.

The Court recognizes, and defense counsel has admitted, that no documents responsive to the literal reading of the request (documents prepared by an *employee* assessing the merits of this lawsuit) exist. It is also apparent that at least one document drafted by Uniscribe counsel assessing the merits of this lawsuit does exist, as defense counsel indicated in their December 8, 2005 letter. As such, if defense counsel believed the request included documents drafted by both employees and counsel (and nothing has been submitted to sufficiently challenge this assertion and Plaintiff's counsel has stated he intended the broadest interpretation of that request), then defense counsel's repeated assertions of privilege were not necessarily willfully misleading. That is not to say, however, that said assertions did not have the effect and appearance of it. Indeed, there were much more efficient, thorough, direct, and professional ways to go about responding to this request. Defense counsel could have simply stated what it should have already known at the point it asserted the privilege – that no documents prepared by actual employees of Uniscribe assessing the merits of this lawsuit existed and any other documents drafted by counsel were privileged. Defense counsel could have done this when initially responding to the request, in response to the numerous letters Plaintiff's counsel sent to them, when speaking to Plaintiff's counsel over the telephone, or when approached by Plaintiff's counsel at depositions – the opportunities were abundant. Indeed, they could have timely complied with Fed. R. Civ. P. 26(b)(5) and identified the documents for which they were claiming privilege and this entire situation could have been avoided. As a last resort, they most certainly could have explained to the Court in their response to Plaintiff's *Third Motion to Compel and First Motion for Sanctions* that these documents did not exist instead of focusing on what the Court has already identified as a questionable untimeliness argument.

Defense counsel was also annoyingly casual in responding to Plaintiff's correspondence and their vague responses led Plaintiff's lawyer to reasonably believe the documents he sought actually existed. Indeed, in a September 26, 2005 email, attorney David Campbell wrote, "As to the documents prepared which assess the merits of this lawsuit, any assessments were completed on advice and request of counsel." (Plaintiff's *Third Motion to Compel and First Motion for Sanctions*, Exhibit D). The plain meaning of this statement would lead a reasonable person to believe that documents drafted by actual employees of Uniscribe assessing the merits of the lawsuit existed, as typically counsel does not draft documents on the advice or at the request of counsel.

In addition to all of the above missteps, defense counsel also failed to comply with the Court's November 22, 2005 *Order*. Although their response to the *Order* has been labeled untimely by Plaintiff, it was not the promptness of the response the Court finds significant, but the vagueness and casualness of it. Defense counsel's December 8, 2005 letter states in pertinent part: "Williams Lea also is in possession of ... an audit questionnaire that was prepared by our law firm, which indicates the status of this case at the time it was prepared. We assume that this disclosure will fully resolve this issue." This information was insufficient to satisfy both the Court's *Order* and Federal Rule 26(b)(5), the requirements of which the Court took great care to explain to both parties in its order. Indeed, the Court, in line with Fed. R. Civ. P. 26(b)(5), specifically directed Uniscribe to provide, "the following information regarding '[a]ll documents prepared at any time by any Uniscribe employee assessing the merits of this lawsuit, including Uniscribe's exposure': the date; the title; the type of document; the names of the individuals who prepared and received the document; and the subject matter of the document (without revealing information protected by the privilege)." If viewed in isolation, this cavalier response to the Court's *Order* would likely benefit

from the Court's general reluctance to impose sanctions during the course of spirited litigation. This reluctance is premised upon the belief that counsel are conducting themselves in a professional manner. However, when viewed against the record, defense counsel's response suggests either a willingness to disregard the Court's orders or a casualness that falls short of the standard for professionalism required. Either way, a fair reading of this conduct leads the Court to conclude that defense counsel's actions reveal bad faith which cannot be excused.

### III. CONCLUSION

Based on the above, the Court GRANTS in part Plaintiff's *Second Motion for Sanctions* and orders counsel for Defendant Uniscribe Professional Services, Inc., Vorys, Sater, Seymour, and Pease, L.L.P., to pay Plaintiff Christopher Terrell's attorneys' fees. Plaintiff's counsel, Michael Hamed, is hereby ordered to submit relevant time entries to the Court for *in camera* review by January 27, 2006. Following the Court's review of said entries, it will provide both parties with the specific monetary amount to be paid to Plaintiff and the date by which the amount is to be paid.

IT IS SO ORDERED.

s/ Kenneth S. McHargh
Kenneth S. McHargh
United States Magistrate Judge

Date: January 23, 2006