# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER TERRELL,** | ) | **CASE NO.1:04CV1288** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **UNISCRIBE PROFESSIONAL** | ) | **ORDER** |
| **SERVICES, INC.,** | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant Uniscribe Professional Services, Inc.'s Objections to the Magistrate Judge McHargh's Orders of January 23, 2006 and January 30, 2006 (ECF Dkt#77). Defendant objects to the Magistrate Judge's imposition of sanctions for bad faith conduct in the course of discovery. For the following reasons, the Court finds no clear error in the Magistrate Judge's finding of bad faith or imposition of sanctions. The Court does find that Defendant was not given an opportunity to object to the reasonableness of the fees submitted by Plaintiff's counsel.

The Magistrate Judge awarded sanctions against defense counsel for unsupported refusal to provide descriptions of allegedly protected materials concerning, "all documents prepared at

1

any time by any Uniscribe employees assessing the merits of this lawsuit.". Defendant never produced a privilege log of the requested materials. After months of letters between counsel and a lengthy court opinion and order for the production of these materials, defense counsel informed opposing counsel the documents did not exist.

Defense counsel alleges the confusion was due to their incorrect assumption that the term "employees" meant Uniscribe and defense law firm employees and not merely Defendant "employees". The Court found sanctions were warranted under the Court's inherent power to sanction when a party has acted in bad faith. The Magistrate Judge ordered Plaintiff to provide his expense sheet *in camera* and then issued sanctions without discussing the breakdown or providing defense counsel an opportunity to respond or challenge the expenses charged by Plaintiff.

Defendant argues the Magistrate Judge failed to follow the Sixth Circuit holding in *First Bank of Marietta v. Hartford Underwriters Insurance Co.,* 307 F.3d 501, 511 (6th Cir. 2002). Defendant contends the Sixth Circuit's holding in *First Bank* requires a District Court make three factual findings before sanctions may be imposed under the Court's inherent power to sanction: (1) the claims advanced by the party allegedly acting in bad faith were meritless; (2) counsel for this party knew or should have known that the claims were meritless, and (3) the claims were advanced for an improper purpose.

This Court finds the three step analysis of *First Bank* applies to meritless claims filed by parties and is not applicable to finding bad faith in the course of discovery. A finding of bad faith or conduct that is "tantamount to bad faith" is a requirement for the exercise of the Court's inherent power to sanction. *Id* at 519. In *Youn v. Track, Inc.,* 324 F.3d 409, 420 (6th Cir. 2003),

the Sixth Circuit held the inherent powers of the Court to impose sanctions includes the authority to sanction for a party's refusal to comply with a court order.  Therefore, this Court needs to determine if the Magistrate's order found bad faith or conduct that was tantamount to bad faith.

In reviewing an objection to a Magistrate Judge's Order,  Local Rule 72.3(a) holds that an appeal of a non-dispositive order of a magistrate judge is reviewed under a clearly erroneous standard.  Under the clearly erroneous standard the reviewing court, "on the entire evidence is left with the definite and firm conviction that a mistake has been made." *Anderson v. City of Bessemer City, N.C.,* 470 U.S. 564, 573 (1985).

The Magistrate Judge made sufficient findings to determine conduct "tantamount to bad faith" on the part of defense counsel.  The Court "found dubious conduct, or at the very least failure to comply with the Federal Rules, on the part of defense counsel in all three instances." (Order of January 23, 2006 pg. 4).  The Sixth Circuit upheld the imposition of sanctions under the District Court's inherent powers when a magistrate found "defendants violated both the letter and the spirit of the discovery rules..." *Mann v. University of Cincinnati,* No. 95-1395, 95-3292, 1997 WL 280188 at *5 (6th Cir. 1997).  The Magistrate Judge also found, "defense counsel has finally crossed the line between adversarial and improper conduct and, as such, sanctions are warranted."  (Order pg. 5).  The Magistrate Judge, upon examination of defense counsel's conduct, from the time the discovery requests were made to the time of the Court's Order, found defense counsel's conduct to be "unprofessional."  Finally, the Court found defense counsel failed to comply with the Court's Order of  November 22, 2005, requiring production of information ordered by the Court.  The Court ultimately held such failures, "leads the Court to conclude that defense counsel's actions reveal bad faith which cannot be excused."  (Order pg.

8). Therefore, when examined in the light of previous Sixth Circuit Opinions (i.e. *Mann*), the Magistrate Judge made a sufficient finding of bad faith to warrant his exercise of the Court's inherent power to sanction.

The Magistrate's Order and imposition of sanctions is not clearly erroneous.  However, by reviewing *in camera* the documentary bases for its sanctions, the Court did not provide defense counsel with a "full opportunity.....challenge the basis and reasonableness of the sanction." *Ray A. Scharer and Company, Inc. V. Plabell Rubber Products, Inc.* 858 F.2d 317, 321 (6th Cir. 1988). Therefore, the Court finds no grounds to reverse the Magistrate Judge's finding of bad faith, however, the Court finds Defendant should have been given an opportunity to object to the reasonableness of the fees submitted by Plaintiff's counsel.   Therefore, the Court will hold in abeyance its ruling on Defendant's objections to the amount of the sanction until Plaintiff submits to defense counsel an itemized accounting of its relevant attorney's fees, supported by affidavit.  Plaintiff shall provide this information to opposing counsel no later than June 2, 2006.  Defense counsel shall file its objections, if any, no later than June 16, 2006.  The Magistrate Judge may then consider Defendant's objections and revise, if needed, his ruling. The Court will then rule on any objections to the amount of fees.

IT IS SO ORDERED.

May 24, 2006             s/Christopher A. Boyko
Date                     CHRISTOPHER A. BOYKO
                         United States District Judge